KENT & RISLEY LLC
Cortney S. Alexander (*admitted pro hac vice*)
5755 N. Point Pkwy, Ste 57
Alpharetta, GA 30022
Tel: 404 855-3867
Email: cortneyalexander@kentrisley.com

SML Avvocati P.C.
Stephen M. Lobbin
888 Prospect Street, Suite 200
San Diego, CA 92037
Tel: (949) 636-1391
Email: sml@smlavvocati.com

**Attorneys for Plaintiffs Hope Chung and Picture Mandarin, LLC**

MUNCK WILSON MANDALA, LLP
Richard de Bodo (SBN 128199)
rdebodo@munckwilson.com
Aaron C. Dilbeck *(admitted pro hac vice)*
adilbeck@munckwilson.com
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: (310) 286-0377
Fax: (972) 628-3616

**Attorneys for Intellectsoft Group Corp. and Intellectsoft, LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE CHUNG, an individual; and PICTURE MANDARIN, LLC, a Georgia limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INTELLECTSOFT GROUP CORPORATION, a Delaware corporation; INTELLECTSOFT, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 4:21-CV-03074-JST<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER** |

In order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws and privacy rights, Plaintiffs Hope Chung ("Chung") and Picture Mandarin, LLC ("PM") (together, "Plaintiffs") and Defendants Intellectsoft Group Corporation ("ICG") and Intellectsoft, LLC ("LLC") (together, "Defendants") (collectively referred to as "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

1. In this Joint Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled federal court proceeding, pending in the Northern District of California (Case No. 4:21-CV-03074-JST).

   b. "**Confidential**" means any Documents, Testimony, or Information that is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

   c. "**Attorneys' Eyes Only**" or "AEO" means any Documents, Testimony, or Information that is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to attorneys' eyes only treatment under applicable law.

   d. "**Classified Materials**" means any Document, Testimony, or Information as defined below designated as "Attorneys' Eyes Only" or "Confidential" pursuant to the provisions of this Joint Stipulation and Protective Order.

   e. "**Counsel**" means attorneys whom a Party has retained or employed to represent it, including outside counsel, outside corporate counsel and in-house counsel.

   f. "**Designating Party**" means the Party that designates Documents, Testimony, or Information, as defined below, as "Attorneys' Eyes Only" or "Confidential."

g. **"Disclose" or "Disclosed"** or **"Disclosure"** means to reveal, divulge, give, communicate or make available Materials, or any part thereof, or any information contained therein.

h. **"Document(s)"** means (i) any document(s), tangible thing(s), or electronically stored information under the broadest possible usage pursuant to the Federal Rules of Civil procedure, which has or have been produced in discovery in this Proceeding by any person or entity, and (ii) any copy, reproduction, or summary of all or any part of the foregoing.

i. **"Information"** means the content of Documents or Testimony.

j. **"Testimony"** means all depositions, declarations, affidavits, or other testimony given, taken, or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Classified Materials" any documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Joint Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Document or Information to be designated as "Attorneys' Eyes Only" or "Confidential" must be clearly so designated before the Document or Information is Disclosed or produced. The "Attorneys' Eyes Only" or "Confidential" designations should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Attorneys' Eyes Only" or "Confidential" on each page of any Documents containing such

designated material or to the title of the Document if the Document is produced in a native-file format.

b. Whenever a deposition taken on behalf of any party involves a disclosure of Attorneys' Eyes Only or Confidential Information, a party or testifying third-party may designate these portions of the deposition transcripts which contain Attorneys' Eyes Only or Confidential Information after transcription of the proceedings; a party or testifying third-party will have until 30 days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript which are to be designated ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" by noting the specific pages and line numbers of the material designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." The transcript shall be treated ATTORNEYS' EYES ONLY until 30 days after receipt of the deposition transcript.

c. For information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Attorneys' Eyes Only" or "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Attorneys' Eyes Only" or "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document(s), Testimony, or Information during discovery in this Proceeding without an "Attorneys' Eyes Only" or "Confidential" designation, shall be without prejudice to any claim that such item is "Attorneys' Eyes Only" or "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document(s), Testimony, or Information that is subject to a "Attorneys' Eyes Only" or "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the

document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Documents, Testimony, or Information designated as "Attorneys' Eyes Only" or "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that has received the inadvertently produced Documents, Testimony, or Information shall promptly destroy the inadvertently produced Documents, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, shall return such together with all copies of such Documents, Testimony or Information to counsel for the producing Party and shall retain only the "Attorneys' Eyes Only" or "Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Documents, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Documents, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that Counsel for a Party receiving Document(s), Testimony or Information in discovery designated as "Attorneys' Eyes Only" or "Confidential" objects to such designation with respect to any or all of such items, said Counsel shall advise Counsel for the Designating Party, in writing, of such objections, the specific Document(s), Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have ten (10) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) state in writing that Counsel for the Designating Party will seek to uphold some or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). If Counsel for the Designating Party indicates that Counsel will seek

to uphold some or all of the challenged Designations, Counsel will have twenty-one (21) days from receipt of the written Designation Objections to file a motion with the Court seeking to uphold those Designations. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Attorneys' Eyes Only" or "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.  Access to and/or Disclosure of Classified Materials designated as Confidential" shall be permitted only to the following persons or entities:

   a. the Court, their clerical and secretarial staff;
   b. Counsel and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys. Provided, however, that each non-attorney given access to Classified Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Joint Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;
   c. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);
   d. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Classified Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of a Party that has had access to the Classified Materials;
   e. mock jury participants, provided, however, that prior to the Disclosure of Classified Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Joint Stipulation and

        Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

f.  outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that at least five (5) business days prior to the Disclosure of Classified Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Joint Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A and serve a copy of the signed Exhibit A upon the producing Party along with a current curriculum vitae of the consultant or expert. If the producing Party provides a written objection to the receiving Party within those five business days, no Disclosure of Classified Materials shall be made to such expert or consultant until the objection is fully resolved by agreement or Court order. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Joint Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

g.  One person designated by Plaintiffs and one person designated by Defendants to view Classified Material designated as "Confidential" (each a "Designated

Party Representative"), who shall be a named party or shall have a position with a named party, provided that at least three (3) business days prior to the Disclosure of any materials designated as "Confidential" to a Designated Party Representative, counsel for the Party making the Disclosure shall deliver a copy of this Joint Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A and serve a copy of the signed Exhibit A upon the producing Party;

  h. any other person or entity that the Designating Party agrees to in writing to view certain or all Classified Materials.

8. Access to and/or Disclosure of Classified Materials designated as "Attorneys' Eyes Only" shall be permitted only to the following persons or entities:

  a. the Court, their clerical and secretarial staff;

  b. Counsel and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys. Provided, however, that each non-attorney given access to Classified Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Joint Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  c. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  d. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Classified Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of a Party that has had access to the Classified Materials;

  e. mock jury participants, provided, however, that prior to the Disclosure of Classified Materials to any such mock jury participant, counsel for the Party

      making the Disclosure shall deliver a copy of this Joint Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

f.  outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that at least five (5) business days prior to the Disclosure of Classified Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Joint Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A and serve a copy of the signed Exhibit A upon the producing Party along with a current curriculum vitae of the consultant or expert. If the producing Party provides a written objection to the receiving Party within those five business days, no Disclosure of Classified Materials shall be made to such expert or consultant until the objection is fully resolved by agreement or Court order. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Joint Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

      g.  any other person or entity that the Designating Party agrees to in writing to view certain or all Classified Materials.

    9.    Classified Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, prosecuting, defending, and/or advising clients regarding the Proceeding or potential settlement, and not for any business or other purpose whatsoever. Nothing in this Joint Stipulation and Protective Order shall be construed to preclude Counsel from generally summarizing or characterizing the content of Classified Materials, if it is necessary in connection with any of the activities identified above.

    10.    Any Party to the Proceeding (or other person subject to the terms of this Joint Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Joint Stipulation and Protective Order.

    11.    Entering into, agreeing to, and/or complying with the terms of this Joint Stipulation and Protective Order shall not:

      a.  operate as an admission by any person that any particular Document, Testimony, or Information marked "Attorneys' Eyes Only" or "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or,

      b.  prejudice in any way the right of any Party (or any other person subject to the terms of this Joint Stipulation and Protective Order):

          i.  to seek a determination by the Court of whether any particular Classified Materials should be subject to protection under the terms of this Joint Stipulation and Protective Order; or,

          ii.  to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Joint Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12. Any Party to the Proceeding who has not executed this Joint Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Joint Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Joint Stipulation and Protective Order.

13. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Attorneys' Eyes Only" or "Confidential" under the terms of this Joint Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Joint Stipulation and Protective Order.

14. If any person subject to this Joint Stipulation and Protective Order who has custody of any Classified Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the scope of the Subpoena, otherwise oppose production of the Classified Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Classified Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena and shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Classified Materials may be affected.

15. Nothing in this Joint Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Classified Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Joint Stipulation and Protective Order, any Classified Materials submitted by a Designating Party under the terms of this Joint Stipulation and Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Joint Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Classified Materials to the immediate attention of the Designating Party.

17. This Joint Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Joint Stipulation and Protective Order to any Classified Materials designated by that Party.

18. The Parties further acknowledge, as set forth below, that this Joint Stipulated Protective Order does not entitle them to file Classified Materials under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

19. The Parties shall meet and confer regarding the procedures for use of any Classified Materials at trial and if desired, shall move the Court for entry of an appropriate order.

20. Nothing in this Joint Stipulation and Protective Order shall affect the admissibility into evidence of Classified Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Classified Materials.

21. This Joint Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Joint Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Joint Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within sixty (60) days after any settlement of all pending claims or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Classified Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Joint Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to above. Notwithstanding the foregoing, the Parties may retain one copy of Classified Materials to the extent required to comply with insurance carrier or other legal obligations. Such materials shall be destroyed promptly after the time period has expired to comply with insurance carrier or other legal obligations.

23. After this Joint Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Classified Materials that have been or may be produced before the Court signs this Joint Stipulation and Protective Order.

24. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Joint Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Joint Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Joint Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Joint Stipulation and Protective Order pending its entry so as to allow for immediate production of Classified Materials under the terms herein.

25. This Joint Stipulation and Protective Order may be executed in counterparts.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 10, 2022        /s/ Cortney S. Alexander
                            Attorneys for Plaintiffs

DATED: June 10, 2022        /s/ Richard de Bodo
                            Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 15, 2022        _____
                            Judge Jon S. Tigar
                            United States District Judge