UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE CHUNG, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>INTELLECTSOFT GROUP CORPORATION, et al.,<br><br>  Defendants. | Case No. 21-cv-03074-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR STRIKE**<br><br>Re: ECF No. 80 |

Before the Court is Plaintiffs and Counterdefendants Hope Chung and Picture Mandarin LLC's (collectively "Chung") motion to dismiss or strike Defendant and Counterclaimant Intellectsoft, LLC's ("Intellectsoft") counterclaim. ECF No. 80. The Court will grant the motion in part and will deny it in part.

**I.  BACKGROUND**

Chung hired Intellectsoft and Intellectsoft Group Corporation (collectively the "Intellectsoft Defendants") to develop a website, a mobile app, and other software-related work product for Chung that would serve as part of an educational program intended to teach Mandarin to children. ECF No. 51 ¶¶ 12–13. The Intellectsoft Defendants' work was primarily governed by two contracts. *Id.* ¶ 13. The contracts state, among other things, that "past-due payments will bear an interest rate of 15% per annum, or the maximum rate allowed by law." *Id.*

Chung and Intellectsoft each contend that the other party breached these contracts. Chung alleges that the Intellectsoft Defendants failed to deliver the work product required under the contracts in accordance with Chung's specifications, timelines, and budget. *Id.* ¶¶ 27–121. Intellectsoft alleges that the parties' contracts "provide that past-due payments will bear interest at the rate of 15% per annum, or the maximum rate allowed by law"; that Chung failed to make

timely payments on eight invoices numbered 6064, 6074, 6090, 6104, 6119, 6138, 6158, and 6191 (collectively "the Invoices"); and that Intellectsoft is entitled to interest payments on those past-due payments. ECF No. 76 at 31.

Chung filed this action on April 27, 2021. ECF No. 1. Chung filed a first amended complaint on July 17, 2021, ECF No. 20, and a second amended complaint ("SAC") on October 8, 2021, ECF No. 51. After additional procedural events not relevant here, Intellectsoft answered the SAC and filed a counterclaim against Chung on August 15, 2022, ECF No. 76.

Chung now moves to dismiss or strike Intellectsoft's counterclaim. ECF No. 80. Intellectsoft opposes the motion, ECF No. 88, and Chung has replied, ECF No. 89.

## II.   JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss a counterclaim for failure to state a claim is evaluated under the same standard as a motion to dismiss a plaintiff's complaint. *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). However, "on a motion to dismiss a counterclaim, the Court cannot accept as true factual allegations alleged by the moving party in the initial Complaint . . . ." *State Farm Life Ins. Co. v. Landfried*, No. 5:19-cv-1845-SVW-SHK, 2020 WL 5356706, at *3 (C.D. Cal. June 25, 2020) (emphasis omitted). Accepting allegations in the initial complaint as true "would turn the Fed. R. Civ. P. 12(b)(6) standard on its head, permitting [plaintiff] to rely on its own (disputed) factual allegations to dismiss [defendant's] Counterclaim at the outset of this litigation." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the

pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). If the motion to dismiss is granted, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quotation marks and citation omitted).

## IV.     DISCUSSION

### A.      Incorporation By Reference

Both parties rely upon extrinsic evidence, arguing that the evidence has been incorporated by reference. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of Evidence 201." *Id.* A document may be incorporated by reference where the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Where a court finds that a document has been incorporated by reference, the court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

Chung argues that the Invoices are incorporated by reference into the counterclaim and relies upon versions of the Invoices with full balances, ECF No. 51-5 at 4–11, and versions with zero balances, ECF Nos. 85-1–85-8. The Court finds that these documents have been incorporated by reference because the Invoices are referred to extensively in the counterclaim, form the basis of the counterclaim, and Intellectsoft does not dispute their authenticity.

Both parties place an invoice dated May 5, 2017 before the Court. Although it was

1  attached to the SAC and Intellectsoft relies upon it in opposition to the motion to dismiss, this
2  invoice is not referenced in the counterclaim, nor does it form the basis of the counterclaim.
3  Accordingly, the invoice has not been incorporated by reference and the Court may not consider it.
4  *See Luxx Int'l, LLC v. Pure Water Techs.*, No. 2:23-cv-00512-MMD-DJA, 2023 WL 5333254, at
5  *3 (D. Nev. Aug. 17, 2023) ("While Plaintiffs attached the Agreement to their Complaint, the
6  [defendants] did not attach the Agreement to their Counterclaim nor did they mention and
7  incorporate by reference the Agreement in the Counterclaim.").

       **B.**       **Motion to Strike**

9        Chung argues that Intellectsoft's counterclaim should be stricken because it was untimely.
10  ECF No. 80 at 11. Chung contends that the non-opposition to the extension to file a counterclaim
11  was obtained under incorrect pretenses" because Intellectsoft "never indicated an intent to file a
12  counterclaim," instead it "indicated only that [it was] seeking an extension to file an "answer," not
13  "an extension to file a counterclaim." ECF No. 80 at 12–13. Intellectsoft counters that its
14  counterclaim was timely because "a counterclaim is unquestionably part of an answer," and it was
15  granted an extension to file its answer. ECF No. 88 at 8.
16        "An answer and a counterclaim are one pleading, not separate pleadings." *Moonbug Ent.*
17  *Ltd., v. Babyus (Fujian) Network Tech Co., Ltd.*, No 21-cv-6536-EMC, 2022 WL 580788, at *4
18  (N.D. Cal. Feb. 25, 2022) (emphasis omitted) (denying the plaintiff's motion to strike the
19  defendant's answer and counterclaims as untimely, and rejecting the plaintiff's argument that the
20  defendant "was only entitled to amend its counterclaims but not its answer" because they
21  constituted one pleading); *see also Koga-Smith v. MetLife*, No. C-12-4050 EMC, 2013 WL
22  894780, at *1 (N.D. Cal. Mar. 8, 2013) ("[T]he Court notes that a crossclaim or counterclaim is
23  not an independent pleading but rather is part of the answer."); Fed. R. Civ. P. 7(a) (failing to list
24  counterclaim as a permissible pleading). Because a counterclaim and answer are "one pleading,"
25  *Moonbug Ent. Ltd.*, 2022 WL 580788, at *4, Intellectsoft's counterclaim was timely and Chung's
26  non-opposition to Intellectsoft's request for an extension was not obtained under false pretenses.
27  Accordingly, the Court denies Chung's motion to strike the counterclaim.
28

**C.     Motion to Dismiss**

Chung moves to dismiss Intellectsoft's counterclaim, arguing that (1) the counterclaim is time-barred and (2) Intellectsoft waived any breach of contract claims. The Court addresses each argument in turn.

**1.     Statute of Limitations**

Chung argues that the counterclaim is barred by the applicable four-year statute of limitations because the last Invoice was issued on November 2, 2016, and Intellectsoft's counterclaim was not filed until August 15, 2022. ECF No. 80 at 9–10. Intellectsoft responds that the counterclaim is not barred by the statute of limitations because it was tolled by Chung's partial payment of the debt and by Chung's filing of the initial complaint. ECF No. 88 at 5–6.

Under California law, the statute of limitations for breach of a written agreement is four years. Cal. Civ. Proc. Code § 337. "As a general rule, . . . a statute of limitations begins to run when a controversy is ripe—that is, when all of the elements of a cause of action have occurred and a suit may be maintained." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1388 (2004).

"To align the actual application of the limitations defense more closely with the policy goals animating it, [however,] the courts and the Legislature have over time developed . . . equitable exceptions to and modifications of the usual rules governing limitations periods." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). One such exception, which Intellectsoft invokes, is that "part payment of a debt or obligation is sufficient to extend the bar of the statute [of limitations]." *Martindell v. Bodrero*, 256 Cal. App. 2d 56, 59 (1967). Section 360 of the California Code of Civil Procedure provides that:

> No acknowledgment or promise is sufficient evidence of a new or continuing contract, . . . unless the same is contained in some writing, signed by the party to be charged thereby, provided that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred.

Cal. Civ. Proc. Code § 360. The partial payment doctrine does not assist Intellectsoft, however, because the last of Chung's payments for which there is any support in the record[1] occurred on or about November 2, 2016. *See* ECF No. 51-5 at 11 (Invoice 6191). Thus, the statute expired on November 2, 2020, months before the filing of the counterclaim.

Intellectsoft also contends that the filing of the complaint tolled the statute of limitations for its counterclaim. "Under California law, a 'statute of limitations is suspended or tolled as to a defendant's then unbarred causes of action against the plaintiff arising out of the same transaction by the filing of the plaintiff's complaint.'" *Jones v. Hernandez*, No. 16-CV-1986-W (WVG), 2018 WL 3628996, at *2 (S.D. Cal. July 30, 2018) (citing and quoting *Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983)). Chung's motion does not dispute that the original complaint and the counterclaim arise from the same incident. Again, however, the four year statute elapsed on November 2, 2020, such that Intellectsoft's counterclaim was not "unbarred" when the complaint was filed on April 27, 2021.

Accordingly, the Court dismisses Intellectsoft's counterclaim. However, Chung has not demonstrated that Intellectsoft cannot plead facts to establish that the statute of limitations was extended under the partial payment doctrine. Accordingly, "[b]ecause granting [Intellectsoft] an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice [Chung], and [Intellectsoft has] not acted in bad faith, the Court grants leave to amend." *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019). The Court therefore grants leave to amend.[2]

### 2. Waiver

Chung argues that Intellectsoft waived its counterclaim because "the [I]nvoices themselves reflect that [they] were paid in full, with no balance due." ECF No. 80 at 10. Chung also argues

---

[1] As previously noted, Intellectsoft relies upon a May 2017 invoice, which the Court cannot consider because it was not incorporated by reference into the counterclaim and it is not judicially noticeable.

[2] Although the Court dismisses the counterclaim because it is barred by the statute of limitations, it nonetheless addresses Chung's remaining arguments to provide guidance regarding any future amended pleading.

that "Intellectsoft's internal emails indisputably reveal" that Intellectsoft waived its claims because they demonstrate that "Intellectsoft considered that [Chung's] account was paid in full." *Id.* at 11.

Intellectsoft responds that its counterclaim has not been waived because Chung "did not and cannot establish that Intellectsoft took an affirmative action that established its intent to waive the Counterclaim." ECF No. 88 at 6. Additionally, Intellectsoft requests that the Court strike the internal emails attached to the motion to dismiss because Chung "concede[s] these exhibits are improper to consider as part of a Rule 12(b)(6) motion, *id.* at 7 n.2, or if the Court considers these exhibits, to provide it with "a reasonable opportunity to present all the material that is pertinent to the motion," *id.* at 7. For their part, Chung concedes that to consider this evidence, the Court would have to convert their motion to dismiss into a motion for summary judgment pursuant to Rule 12(d). ECF No. 80 at 11.

As an initial matter, the Court declines to convert the motion into one for summary judgment. Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss pursuant to Rule 12(b)(6), a court may treat the motion "as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Whether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion of the district court. *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015). "[T]he most important consideration in determining whether to convert a motion to dismiss into a motion for summary judgment is whether the opposing party has had sufficient opportunity to conduct discovery and present meaningful evidence opposing the motion." *Gay v. Esquetini*, No. CV 15-06627-BRO (ASX), 2017 WL 10574940, at *3 (C.D. Cal. Feb. 8, 2017). Here, Chung makes no argument as to why the Court should exercise its discretion in this way. And, at the time of the filing of the motion, Intellectsoft had not had "a reasonable opportunity to present all the material that is pertinent to the motion," as required by Rule 12(d) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). Accordingly, the Court denies Chung's request to convert the motion into one for summary judgment. *See Amy's Kitchen, Inc. v. Campbell*, No. 16-cv-03664-JCS, 2017 WL 264062, at *4

7

1  (N.D. Cal. Jan. 20, 2017) (declining to convert a motion to dismiss into a motion for summary

2  judgment pursuant to Rule 12(d)); *Valentine v. City of Concord*, No. 16-cv-00279-MEJ, 2016 WL

3  2851661, at *4 n.3 (N.D. Cal. May 16, 2016) (same).

4  The Court next considers whether by stamping the Invoices "paid," Intellectsoft waived its counterclaim. "California courts will find waiver when a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991). "[W]aiver . . . [is] traditionally asserted as affirmative defense[] and most often compel[s] the consideration of facts outside the complaint in order to determine whether [it] preclude[s] a plaintiff's claims . . . commonly mak[ing] [it] [an] unsuitable topic[] for a motion under Rule 12." *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 879 (N.D. Cal. 2015). However, waiver may be considered on a motion to dismiss where "the allegations in the complaint suffice to establish the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quotation marks and citation omitted). "In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (emphasis in original).

18  Here, the Invoices do not reference the payment of interest in any amount, and instead they appear to reflect only the principal amount owed for "actual hours worked" by Intellectsoft during certain periods of time. Accordingly, the fact that the Invoices state that they were "paid" demonstrates merely that Chung paid the principal amount owed on the Invoices, and fails to establish that Intellectsoft "intentionally relinquish[ed]" a right to the interest owed or that Intellectsoft's acts were inconsistent with "an intent to enforce the right as to induce a reasonable belief" that the right to interest was relinquished. *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991). Therefore, The Court declines to dismiss Intellectsoft's counterclaim on waiver grounds.

## CONCLUSION

The Court denies Chung's motion to strike and grants Chung's motion to dismiss with

1  leave to amend.  Intellectsoft may file an amended counterclaim, solely to correct the deficiencies
2  identified above, within 21 days of the date of this order.  Failure to file a timely amended
3  counterclaim will result in dismissal of the counterclaim with prejudice.

4  **IT IS SO ORDERED.**

5  Dated:  August 30, 2023



_____
JON S. TIGAR
United States District Judge