UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE CHUNG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>INTELLECTSOFT GROUP CORPORATION, et al.,<br><br>    Defendants. | Case No. 21-cv-03074-JST<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: ECF No. 168 |

    Pending before the Court is Defendants' administrative motion to seal documents in support of their motion for summary judgment. ECF No. 168. Defendants seek to file under seal Exhibits A-Y to the declaration of Richard de Bodo in support of Defendants' motion for summary judgment (the "de Bodo Declaration"). The Court will deny the motion.

    A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5 and (2) rebut the "strong presumption in favor of access" that applies to most judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Local Rule 79-5 requires that the request "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," and that it "be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). For judicial records attached to dispositive motions, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010) (citing *Kamakana,* 447 F.3d at 1178). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public

1  policies favoring disclosure.' " *Id.* (quoting *Kamakana*, 447 F.3d at 1178-79).

2  Defendants' motion to seal does not meet these requirements. First, in their motion,
3  Defendants seek to seal documents designated confidential by Plaintiffs in this litigation. *See e.g.*,
4  ECF No. 168-3 at 21 (Deposition of Picture Mandarin LLC and Hope Chung), 29 (Plaintiffs'
5  Amended Second Supplemental Responses and Objections to Defendants' Interrogatory No. 1), 62
6  (Plaintiff's Second Supplemental Responses and Objections to Defendants' Interrogatory Nos. 2-
7  5). Civil L.R. 79-5(f) requires that requests to seal documents designated confidential by another
8  party be brought as a separate administrative motion to consider whether another party's material
9  should be sealed. Civil L.R. 79-5(f); *see also*, Standing Order Governing Administrative Motions
10 to File Materials Under Seal Before District Judge Jon S. Tigar, dated March 14, 2022.
11 Defendants must file a separate motion under Civil L.R. 79-5(f) as to these documents.

12 As to the balance of Defendants' requests, Defendants do not articulate why the materials
13 to be sealed satisfy the compelling reasons standard. *See* Civil L.R. 79-5(c)(1)-(3). Defendants
14 request the Court seal, in the aggregate, 25 separate exhibits without explaining how each specific
15 document satisfies the compelling reasons standard. Instead, Defendants make broad assertions
16 that the exhibits as a group "contain documents reflecting detailed negotiated terms between the
17 parties, confidential information related to the Plaintiffs' finances and funding, as well as strategy
18 regarding the parties' product and projects." ECF No. 168 at 3. Defendants must provide an
19 adequate justification for the sealing of each individual document. Defendants also support their
20 request with a declaration that merely states that "[c]ertain documents lodged by Defendant in
21 support of its Motion for Summary Judgment constitute Confidential Information under the
22 Protective Order and/or trade secrets." ECF No. 168-1 at ¶ 3. As the Local Rules make clear,
23 "Reference to a stipulation or protective order that allows a party to designate certain documents
24 as confidential is not sufficient to establish that a document, or portions thereof, are sealable."
25 Civil L.R. 79-5(c).

26 Defendants' motion is also not narrowly tailored. For example, Defendants do not explain
27 why information such as the fact that "IntellectSoft, LLC is a professional company and is part of
28 the company called IntellectSoft Group Corporation" (ECF No. 168-3 at 11) or that Hope Chung

is the founder and CEO of a company called 2ULN, Inc. are confidential (ECF No. 168-3 at 28). *See In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 8200602, at *3 (N.D. Cal. May 30, 2019) (concluding that Uber did not establish compelling reasons "to seal highly relevant information, including [the deponent's] definitions of various technical terms (such as 'back-end services' and 'epoch'), the basis of his declaration, foundation for his familiarity with the exhibits he provided, and third-party sources from which Uber collects personal information"). Nor is it clear how the link sharing history of the Picture Mandarin iOS.zip file satisfies the compelling reasons standard. ECF No. 168-3 at 379–85.

For these reasons, the Court denies Defendants' motion to seal. As to the documents designated confidential by Plaintiffs, Defendants are ordered to file an administrative motion to consider whether another party's material should be sealed under Local Rule 79-5(f) within 7 days of this order. Defendants may also file a renewed administrative motion to seal portions of the remaining exhibits to the de Bodo Declaration within 7 days of this order. If Defendants file a renewed motion, it shall comply with the Local Rules and the Court's Standing Orders; be narrowly tailored to seek sealing only of the documents or portions thereof that satisfy the compelling reasons standard; and articulate why the materials to be sealed satisfy that standard.

**IT IS SO ORDERED.**

Dated: November 7, 2023



JON S. TIGAR
United States District Judge