UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE CHUNG, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>INTELLECTSOFT GROUP CORPORATION, et al.,<br><br>  Defendants. | Case No. 21-cv-03074-JST<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: ECF No. 177, 181 |

Before the Court are Defendants' administrative motions to seal the Declaration of David S. Howell in support of its motion for summary judgment (ECF No. 177) and Exhibit 1 to the declaration of Artem Kozel in support of its motion for summary judgment (ECF No. 181). The Court will grant the motions.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5 and (2) rebut the "strong presumption in favor of access" that applies to most judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For judicial records attached to dispositive motions, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009), opinion amended and superseded on denial of reh'g, 605 F.3d 665 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1178). A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178-79). Civil Local Rule 79-5 requires that an administrative motion to seal include a statement explaining "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied;

and (iii) why a less restrictive alternative to sealing is not sufficient," evidentiary support where necessary, and a "proposed order that is narrowly tailored to seal only the sealable material." *See* L.R. 79-5(c)(1)-(3).

Having reviewed Defendants' motions, the Court finds that compelling reasons exist to seal the Howell declaration and Exhibit 1 to the Kozel declaration. The Court previously granted an administrative motion to seal the information discussed in the Howell declaration. *See* ECF No. 172. Exhibit 1 of the Kozel declaration contains confidential and sensitive business information that warrants sealing. Accordingly, Defendants' administrative motions to seal as to the Howell declaration and Exhibit 1 to the Kozel declaration are hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated: December 8, 2023



JON S. TIGAR
United States District Judge